UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
VINCENT MACALUSO, JR.,

                     Plaintiff,

      -against-

NASSAU COUNTY CORRECTIONAL CENTER,
MICHAEL SPOSATO, Sheriff of Nassau County
Correctional Center, Individually and in his/their
official capacity, NASSAU COUNTY, State of New
York, OFFICER REID, Nassau County Correctional
Officer of Unit (E2-D46), CORPORAL ROBINSON,
Nassau County Correctional Officer of Unit (E2-D46),
ARMOR CORRECTIONAL HEALTH SERVICES,
INC., NASSAU UNIVERSITY MEDICAL CENTER,
Emergency Room/Administrative Office, RICARDO
MARSDEN, Inmate, assaultant,

                     Defendants.
----------------------------------------------------------------X

**ORDER**
13-CV-6206(SJF)(WDW)

FEUERSTEIN, J.

On October 31, 2013, incarcerated *pro se* plaintiff Vincent Macaluso, Jr., ("plaintiff") filed a civil rights complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") against the Nassau County Correctional Center ("NCCC"), Sheriff Michael Sposato ("Sheriff Sposato"), Nassau County, Nassau County Corrections Officer Reid ("Reid"), Corporal Robinson ("Robinson"), Armor Correctional Health Services, Inc. ("Armor"), Nassau University Medical Center Emergency Room ("NHCC"),[1] and inmate Ricardo Marsden ("Marsden") (collectively, "defendants"), accompanied by an application to proceed *in forma pauperis*.[2] Upon review of

---

[1] Although plaintiff names Nassau University Medical Center ("NUMC") as a defendant, the Court construes this entity to be the Nassau Health Care Corporation ("NHCC"), of which NUMC is a part. *See* http://www.numc.edu/ (last visited on April 7, 2014).

[2] Plaintiff failed to include a signed prisoner authorization form with his application to proceed *in forma pauperis*. Accordingly, plaintiff was sent a notice of deficiency, dated November 21, 2013,

plaintiff's declaration in support of his application to proceed *in forma pauperis*, the Court finds that plaintiff's financial status qualifies him to commence this action without prepayment of the filing fee. *See* 28 U.S.C. § 1915(a)(1). Accordingly, the application to proceed *in forma pauperis* is granted. However, for the reasons that follow, the complaint is *sua sponte* dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

I.   The Complaint[2]

Plaintiff alleges that, on or about November 2, 2012, he was assaulted by fellow inmate, Ricardo Marsden, while housed in the E2-D46 cell block at NCCC, because of his cooperation with state officials against Marsden. (Compl. ¶¶ 1, 5A). Plaintiff claims that neither Reid nor Robinson were at their assigned post in the E2-D46 cell block during the assault, which occurred due to a "lack of security at the abandoned security post/officer stations in each cell block." (*Id.* ¶ 3). According to plaintiff, he was "half unconscious" and "both [his] eyes were blacked out and swollen to the degree [he] could not see." (*Id.*).

Plaintiff was escorted to the medical unit within the NCCC, which is operated by Armor, where a doctor determined that plaintiff's nose was broken. (*Id.* ¶ 4). Instead of "fixing the broken nose," plaintiff alleges that the Armor doctor "ordered [him] sent to the hospital next door, the Nassau University Medical Center, emergency room." (*Id.*). At the NUMC emergency room, nurses and a doctor "ordered ex-ray's and a catscan [sic]" and "left me still covered in blood waiting in the emergency room hallway . . . for (4) or (5) hours." (*Id.* ¶ 5).

---

advising him to sign and return the enclosed form. [Docket Entry No. 4]. On December 2, 2013, plaintiff filed a signed prisoner authorization form.

[2]   The allegations set forth in plaintiff's complaint are assumed to be true for purposes of this opinion and do not constitute findings of fact by the Court. *See, e.g., Malcom v. Honeoye Falls Lima Cent. Sch. Dist., et al.*, 517 F. App'x 11, 12 (2d Cir. Apr. 1, 2013) (in reviewing a *pro se* complaint for *sua sponte* dismissal, a court is required to accept the material allegations in the complaint as true).

2

According to plaintiff, a doctor then advised plaintiff that "there was no truma [sic] to the head, but, [plaintiff] had a fracture[d] nose." (*Id.*). Plaintiff claims that he was discharged "without [medical staff] ever even touching me or reconnecting or repositioning my nose." (*Id.*).

As a result, plaintiff claims he now suffers from a "wide varity [sic] of injuries," including breathing problems, constant nasal clogging, a runny nose, nose bleeds, dizziness, nausea, insomnia, headaches, anxiety, depression, "serious paranoia," and "fears of being murdered, attacked again and/or retaliated upon by the notorious prior killings committed by Nassau County Sheriffs correctional officers." (*Id.*). Plaintiff seeks entry of a restraining order preventing plaintiff from being housed at the NCCC "or around any of the [] defendants including one inmate convicted murderer, Ricardo Marsden." (*Id.* ¶ 6). Plaintiff demands five million dollars ($5,000,000.00) in damages against each defendant, for a total award of forty million dollars ($40,000,000.00). (*Id.*).

II. Discussion

    A. Standard of Review

Under both the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A, and the *in forma pauperis* statute, 28 U.S.C. § 1915(e)(2), a district court must dismiss a complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (finding both Section 1915 and Section 1915A to be applicable to a prisoner proceeding *in forma pauperis*).

It is axiomatic that district courts are required to read *pro se* complaints liberally, *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)); *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013), and to construe them "to raise the strongest arguments that they

suggest." *Gerstenbluth v. Credit Suisse Sec. (USA) LLC*, 728 F.3d 139, 142-43 (2d Cir. 2013) (internal quotation marks and citations omitted). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations in the complaint." *Harrington v. Cnty. of Suffolk*, 607 F.3d 31, 33 (2d Cir. 2010); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678-79, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

Nevertheless, a complaint must plead sufficient facts "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). While the plausibility standard "does not require detailed factual allegations," it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft*, 556 U.S. at 678. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557); *accord Pension Benefit Guar. Corp. ex rel. Saint Vincent Catholic Med. Ctr. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 717 (2d Cir. 2013). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 556 U.S. at 678; *see also In re Amaranth Natural Gas Commodities Litig.*, 730 F.3d 170, 180 (2d Cir. 2013).

B. Section 1983

Section 1983 of Title 42 of the United States Code provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983. "Section 1983 provides a cause of action against any person who deprives an individual of federally guaranteed rights 'under color' of state law." *Filarsky v. Delia*, 132 S.Ct.

1657, 1661, 182 L.Ed.2d 662 (2012). Thus, to state a Section 1983 claim, a plaintiff must allege: (1) that the challenged conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States," and (2) that such challenged conduct was "committed by a person acting under color of state law." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)); *see also Rehberg v. Paulk*, 132 S.Ct. 1497, 1501-02, 182 L.Ed.2d 593 (2012). Section 1983 does not create any independent substantive right; rather it is a vehicle to "redress . . . the deprivation of [federal] rights established elsewhere." *Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999).

1.  *Monell* Liability

"Under the standards of *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), a municipality can be held liable under Section 1983 if the deprivation of the plaintiff's rights under federal law is caused by a governmental custom, policy, or usage of the municipality." *Jones v. Town of E. Haven*, 691 F.3d 72, 80 (2d Cir. 2012). "[Local governments] are not vicariously liable under § 1983 for their employees' actions." *Connick v. Thompson*, 131 S.Ct. 1350, 1359, 179 L.Ed.2d 417 (2011) (citations omitted); *see also Los Angeles Cnty., Cal. v. Humphries*, 131 S.Ct. 447, 452, 178 L.Ed.2d 460 (2010) (noting the Supreme Court in *Monell* held that "a municipality cannot be held liable solely for the acts of others, *e.g.*, solely because it employs a tortfeasor" (internal quotation marks and citation omitted)).

To prevail on a Section 1983 claim against a municipal entity, a plaintiff must show: "(1) actions taken under color of law; (2) deprivation of a constitutional or statutory right; (3) causation; (4) damages; and (5) that an official policy of the municipality caused the constitutional injury." *Roe v. City of Waterbury*, 542 F.3d 31, 36 (2d Cir. 2008). "Official municipal policy includes the decisions of a government's lawmakers, the acts of its

5

policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Connick*, 131 S.Ct. at 1359. "[A] plaintiff can prevail against a municipality by showing that the policymaking official was aware of the employee's unconstitutional actions and consciously chose to ignore them." *Jones*, 691 F.3d at 81. To establish such deliberate indifference, "a plaintiff must show that a policymaking official was aware of constitutional injury, or the risk of constitutional injury, but failed to take appropriate action to prevent or sanction violations of constitutional rights." *Id.*

### a. Nassau County and NHCC[3]

Plaintiff's complaint is devoid of any facts to support an inference that the alleged "lack of safety" at NCCC and the inadequate medical care he received following the assault were the result of a municipal policy or custom of deliberate indifference. Thus, plaintiff has failed to state a plausible Section 1983 claim against Nassau County or NHCC. *See e.g., White v. St. Joseph's Hosp.*, 369 F. App'x 225, 226 (2d Cir. Mar. 10, 2010) (summary order) (affirming *sua sponte* dismissal of Section 1983 claim for plaintiff's failure "to allege that any of the allegedly unconstitutional actions were taken pursuant to an official policy or custom, as is required to state a § 1983 claim against a municipality"); *see also Murray v. Johnson*, 367 F. App'x 196, 197 (2d Cir. Feb. 22, 2010) (summary order) (affirming dismissal of deliberate indifference claim against municipality where plaintiff "fails to show an official policy or directive that caused the medical staff or prison guards [to act] unreasonably"). Accordingly, plaintiff's Section 1983 claim against Nassau County and NHCC are dismissed without prejudice.

---

[3] "Public benefit corporations, such as the NHCC, are municipal entities for the purpose of Section 1983." *LeShore v. Comm. of Long Beach P.D.*, 10-CV-6067, 2012 WL 1032643, at *7 n.5 (E.D.N.Y Mar. 21, 2012) (citations omitted).

### b. NCCC

"[U]nder New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and therefore, cannot sue or be sued." *Davis v. Lynbrook Police Dep't*, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002) (citations omitted). NCCC is an administrative arm of Nassau County, and thus, lacks capacity to be sued. *See, e.g., Lukes v. Nassau Cnty. Jail*, No. 12-CV-1139, 2012 WL 1965663, at *2 (E.D.N.Y. May 29, 2012) ("Since the Nassau County Jail is an administrative arm of Nassau County, without a legal identity separate and apart from the County, it lacks the capacity to be sued."); *Hawkins v. Nassau Cnty. Corr. Facility*, 781 F. Supp. 2d 107, 109 n.1 (E.D.N.Y. 2011) ("[T]he Court notes that the Nassau County Correctional Facility is an 'administrative arm' of the municipal entity, the County of Nassau, and thus lacks the capacity to be sued as a separate entity."). Accordingly, plaintiff's Section 1983 claim against NCCC is defective and cannot be cured by amendment. Thus, plaintiff's claim against NCCC is hereby dismissed with prejudice.

### c. Armor

"[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50, 119 S.Ct. 977, 143 L.Ed.2d 130 (1999) (internal quotation marks and citation omitted). "A plaintiff pressing a claim of violation of his constitutional rights under Section 1983 is . . . required to show state action." *Fabrikant v. French*, 691 F.3d 193, 206 (2d Cir. 2012). Armor is a private entity contracted to perform medical services for inmates at NCCC. *See, e.g., Briel v. Sposato*, No. 12-CV-2868, 2012 WL 3697806, at *5 (E.D.N.Y. Aug. 21, 2012); *Cofield v. Armor Corr. Health, Inc.*, No. 12-CV-1394, 2012 WL 1222326, at *2 (E.D.N.Y. Apr. 11, 2012). Although Armor is a private entity, "state action may be found [] if there is such a

'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295, 121 S.Ct. 924, 148 L.Ed.2d 807 (2001) (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351, 95 S.Ct. 449, 42 L.Ed.2d 477 (1974)). However, "a private entity does not become a state actor for purposes of Section 1983 merely on the basis of the private entity's creation, funding, licensing, or regulation by the government." *Fabrikant*, 691 F.3d at 207 (internal quotation marks and citation omitted).

Assuming, *arguendo*, that Armor was acting under color of state law in rendering medical services to plaintiff at NCCC, "[p]rivate employers are not liable under Section 1983 for the constitutional torts of their employees unless the plaintiff proves that action pursuant to official . . . policy of some nature caused a constitutional tort." *Rojas v. Alexander's Dept. Store, Inc.*, 924 F.2d 406, 408 (2d Cir. 1990) (internal quotation marks and citation omitted). Plaintiff has not alleged any facts that could make Armor liable for the actions of its employees. Accordingly, plaintiff's claim against Armor is dismissed without prejudice.

    2.    Individual Liability

        a.  Sheriff Sposato

A Section 1983 claim must allege the personal involvement of any individual defendant in the purported constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Servs.*, 719 F.3d 127, 135 (2d Cir. 2013); *Grullon v. City of New Haven*, 720 F.3d 133, 138-39 (2d Cir. 2013). "Personal involvement" may be established by evidence of direct participation in the challenged conduct, or by evidence of a supervisory official's "(1) failure to take corrective action after learning of a subordinate's unlawful conduct, (2) creation of a policy or custom fostering the unlawful conduct, (3) gross negligence in supervising subordinates who commit unlawful acts, or (4) deliberate indifference to the rights of others by failing to act on information

regarding the unlawful conduct of subordinates." *Hayut v. State Univ. of N.Y.*, 352 F.3d 733, 753 (2d Cir. 2003); *see also Grullon*, 720 F.3d at 139. "An individual cannot be held liable for damages under § 1983 'merely because he held a high position of authority.'" *Back v. Hastings on Hudson Union Free School Dist.*, 365 F.3d 107, 127 (2d Cir. 2004) (quoting *Black v. Coughlin*, 76 F.3d 72, 74 (2d Cir. 1996)). A complaint based upon a violation of Section 1983 that does not allege facts establishing the personal involvement of an individual defendant fails as a matter of law. *See Costello v. City of Burlington*, 632 F.3d 41, 48-49 (2d Cir. 2011).

Plaintiff has not alleged any conduct attributable to Sheriff Sposato and seeks to impose liability on him only because of the supervisory position he holds. Even upon a liberal construction, plaintiff's complaint is devoid of any factual allegations to demonstrate personal involvement by Sheriff Sposato regarding the safety of prisoners at NCCC or the adequacy of medical care prisoners at NCCC receive. Thus, plaintiff has not set forth a plausible Section 1983 claim against Sheriff Sposato. Accordingly, plaintiff's claim against Sheriff Sposato is dismissed without prejudice.

b. Reid and Robinson

Prison officials have a duty[4] to "ensure that inmates receive adequate food, clothing, shelter, and medical care, and [to] take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832-33, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (internal quotation marks and citations omitted). Furthermore, "prison officials have a duty to

---

[4] It is unclear from the complaint whether plaintiff was "convicted" or was a "pre-trial detainee" during the time period relevant to his claims. While the Eighth Amendment only protects convicted prisoners, "a person detained prior to conviction receives protection against mistreatment at the hands of prison officials under . . . the Due Process Clause of the Fourteenth Amendment if held in state custody." *Caiozzo v. Koreman*, 581 F.3d 63, 69-72 (2d Cir. 2009). "The rubric for evaluating deliberate indifference claims is the same under the Eighth and Fourteenth Amendments." *Hawkins v. Nassau Cnty. Corr. Facility*, 781 F. Supp. 2d 107, 111 n.3 (E.D.N.Y. 2011) (citations omitted). Thus, the Court applies the standard for Eighth Amendment deliberate indifference claims to evaluate plaintiff's complaint.

9

protect prisoners from violence at the hands of other prisoners." *Id.* at 833 (internal quotation marks, alterations, and citation omitted).

To establish that a prison official's actions rise to the level of deliberate indifference, the plaintiff must show that: (1) "the deprivation alleged must be, objectively, sufficiently serious," and (2) "a prison official must have acted or failed to act with a sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834 (internal quotation marks and citations omitted). "[T]o state a cognizable section 1983 claim, the prisoner must allege actions or omissions sufficient to demonstrate deliberate indifference; mere negligence will not suffice." *Hayes v. N.Y. City Dep't of Corr.*, 84 F.3d 614, 620 (2d Cir. 1996). The Second Circuit has set forth a two-part test for deliberate indifference:

> First, the plaintiff must demonstrate that he is incarcerated under conditions posing a substantial risk of serious harm. Second, the plaintiff must demonstrate that the defendant prison officials possessed sufficient culpable intent. The second prong of the deliberate indifference test, culpable intent, in turn, involves a two-tier inquiry. Specifically, a prison official has sufficient culpable intent if he has knowledge that an inmate faces a substantial risk of serious harm and he disregards that risk by failing to take reasonable measures to abate the harm.

*Id.* A prison official has sufficient culpable intent only where he "acted or failed to act despite his knowledge of a substantial risk of serious harm." *Farmer*, 511 U.S. at 842.

The complaint does not allege any facts to support a reasonable inference that Reid or Robinson knew of and disregarded an excessive risk to plaintiff's safety. Plaintiff's allegation that he was attacked because he cooperated with law enforcement officials against Marsden in no way demonstrates that Reid or Robinson were aware of this fact or that Marsden posed a threat to plaintiff's safety. Thus, plaintiff has not alleged a plausible failure to protect claim against Reid or Robinson. *See Hayes*, 84 F.3d at 621 (noting prisoner asserting failure to protect claim must prove that defendant officers had "the requisite knowledge of risk to [plaintiff's] safety"

10

and failed to take "reasonable measures to abate the risk of harm"). Accordingly, plaintiff's claims against Reid and Robinson are *sua sponte* dismissed without prejudice.

c. Marsden

Plaintiff has not alleged that Mardsen, a fellow inmate at NCCC, has any connection with any government body. Thus, plaintiff has failed to allege that Mardsen acted "under the color of state law." *Filarsky*, 132 S.Ct. at 1661. Accordingly, plaintiff's Section 1983 claim against Marsden fails as a matter of law and is dismissed without prejudice.

C. Leave to Amend

Federal Rule of Civil Procedure 15(a)(2) provides that a party shall be given leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). "[T]he grant or denial of an opportunity to amend is within the discretion of the District Court." *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 229, 9 L.Ed.2d 222 (1962). "Leave to amend, though liberally granted, may be properly denied for: 'undue delay, bad faith or dilatory motive on the part of the [plaintiff], repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" *Ruotolo v. City of N.Y.*, 514 F.3d 184, 191 (2d Cir. 2008) (quoting *Foman*, 371 U.S. at 182). "[W]hen addressing a *pro se* complaint, a district court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Thompson v. Carter*, 284 F.3d 411, 416 (2d Cir. 2002) (quotation marks and citation omitted).

**Plaintiff's claims against Nassau County, NHCC, Armor, Sheriff Sposato, Reid, Robinson, and Marsden are dismissed with prejudice unless plaintiff files an amended complaint within (30) days of this order to cure the pleading deficiencies noted above.** Plaintiff is cautioned that failure to file an amended complaint within the time allowed will lead

11

to the dismissal of his claims against these defendants with prejudice and judgment shall enter. As to defendant NCCC, plaintiff's claim cannot be cured by amendment because NCCC lacks capacity to be sued. Thus, plaintiff's claim against NCCC is dismissed with prejudice and plaintiff is denied leave to amend that claim.

III. Conclusion

For the foregoing reasons, plaintiff's application to proceed *in forma pauperis* is granted. However, plaintiff's claims against **Nassau County, NHCC, Armor, Sheriff Sposato, Reid, Robinson, and Marsden are dismissed with prejudice unless plaintiff files an amended complaint within (30) days of this order to cure the pleading deficiencies noted above. Plaintiff's claim against NCCC is hereby dismissed with prejudice and plaintiff is denied leave to amend against NCCC.** The Clerk of Court is directed to mail a copy of this order to the plaintiff.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).

**SO ORDERED.**

s/ Sandra J. Feuerstein
Sandra J. Feuerstein
United States District Judge

Dated: April 8, 2014
Central Islip, New York