```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
VINCENT MACALUSO, JR.,

                    Plaintiff,
                                           ORDER
          -against-                        13-CV-6206(JS)

NASSAU COUNTY CORRECTIONAL CENTER;
MICHAEL SPOSATO; NASSAU COUNTY,
STATE OF NEW YORK; OFFICER REID;
CORPORAL ROBINSON;
ARMOR CORRECTIONAL HEALTH SERVICES, INC.;
NASSAU UNIVERSITY MEDICAL CENTER;
RICARDO MARSDEN,

                    Defendants.
----------------------------------X
```

APPEARANCES
For Plaintiff:      Vincent Macaluso, Jr., Pro Se
                    No. 13A3440
                    Sullivan Correctional Facility
                    P.O. Box 116
                    Fallsburg, New York 12733

For Defendants:     No Appearances.

SEYBERT, District Judge:

By letters dated September 27, 2016 (ECF No. 18), April 20, 2020 (ECF No. 20), and August 1, 2021 (ECF No. 22), and by motion dated July 5, 2021 (ECF No. 21), pro se plaintiff Vincent Macaluso asks the Court to defer and/or waive the federal filing fees associated with this action and in an appeal to the Second Circuit (Case No. 14-2233).  The request is DENIED.

PROCEDURAL HISTORY

On or around October 31, 2013, Plaintiff commenced this civil rights action pursuant to 42 U.S.C. § 1983 against various defendants. (Compl., ECF No. 1.) Plaintiff also filed an application to proceed in forma pauperis ("IFP") and a Prisoner Authorization form pursuant to the Prison Litigation Reform Act ("PLRA"). (IFP Application, ECF No. 2; PLRA Form, ECF No. 7.) The PLRA Form, signed by Plaintiff, states: "**I UNDERSTAND THAT BY SIGNING AND RETURNING THIS NOTICE TO THE COURT, THE ENTIRE COURT FILING FEE OF $350.00 WILL BE PAID IN INSTALLMENTS BY AUTOMATIC DEDUCTIONS FROM MY PRISON TRUST FUND ACCOUNT EVEN IF MY CASE IS DISMISSED OR EVEN IF I VOLUNTARILY WITHDRAW THE CASE**." (PLRA Form (emphases in original).)

On April 8, 2014, the Honorable Sandra J. Feuerstein issued an order (1) granting Plaintiff's application to proceed IFP; and (2) sua sponte dismissing the Complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915. (Apr. 8, 2014 Order, ECF No. 11.) She also granted Plaintiff leave to file an amended complaint. (Id. at 11-12.) Plaintiff did not file an amended complaint. As such, on May 27, 2014, Judge Feuerstein entered an order dismissing this action for failure to prosecute pursuant to Federal Rule of Civil Procedure

2

41(b) (ECF No. 14) and, on May 28, 2014, the Clerk of the Court entered judgment and closed the case (ECF No. 15). Plaintiff appealed (ECF No. 16), and, on January 20, 2015, the Second Circuit issued a mandate dismissing the appeal (ECF No. 17).

By letters dated September 27, 2016 (ECF No. 18), April 20, 2020 (ECF No. 20), and August 1, 2021 (ECF No. 22), and by motion dated July 5, 2021 (ECF No. 21), Plaintiff requests to defer and/or waive payment of the filing fees owed to this Court and to the Second Circuit. Specifically, although he intends to pay the fees, he asks to defer payments "until [he] is on Supervised Release, when [he] will have an opportunity to obtain meaningful employment." (E.g., ECF No. 18.) On July 15, 2021, this case was reassigned to the undersigned.

## DISCUSSION

The Court is without authority to defer and/or waive the filing fees; thus, Plaintiff's request is denied. Notwithstanding Plaintiff's IFP designation, 28 U.S.C. § 1915(b)(1) provides that "a prisoner bring[ing] a civil action or files an appeal in forma pauperis, . . . shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1) (emphasis added). There is little, if any, discretion in this area because "no revisions may be granted regarding PLRA deductions from [Plaintiff's] prison

3

trust fund account because the amounts deducted are dictated by 28 U.S.C. § 1915(b), as interpreted by United States Supreme Court precedent." Green v. Semple, No. 19-CV-0410, 2019 WL 4295329, at *2 (D. Conn. Sept. 11, 2019).  The Second Circuit described the deduction process:

> The prisoner must submit a certified copy of the prisoner's trust fund account statement for the prior six months.  28 U.S.C. § 1915(a)(2). The court "shall assess and, when funds exist, collect," the initial partial filing fee. Id. § 1915(b)(1). Each month thereafter, the agency having custody of the prisoner "shall forward payments from the prisoner's account to the clerk of the court" in the amount of 20 percent of the preceding month's income credited to the prisoner's account "each time the amount in the account exceeds $10 until the filing fees are paid." Id. § 1915(b)(2).

Leonard v. Lacy, 88 F.3d 181, 186 (2d Cir. 1996).  Moreover, in Bruce v. Samuels, 577 U.S. 82, 87 (2016), the United States Supreme Court held that if a prisoner is proceeding IFP in more than one case, "§ 1915(b)(2) calls for simultaneous, not sequential, recoupment of multiple filing fees."

Here, Plaintiff does not complain that the New York State Department of Corrections deducted funds from his prisoner trust fund account in violation of either 28 U.S.C. § 1915(b)(2) or the Supreme Court's holding in Bruce.  Rather, he argues that he will "never be able to pay off the[] fees/encumbrances" when comparing

4

the cost of living against his incarcerated income and the effects of the COVID-19 pandemic. (E.g., ECF No. 21 at 1-2.) However, as recited above, Plaintiff signed the PLRA Form and therefore, he must pay the filing fees "as prescribed by statute and interpreted by the United States Supreme Court in Bruce." Green, 2019 WL 4295329, at *5. "The Court recognizes the hardship this presents," but "it lacks the discretion to grant Plaintiff's request." Lopez v. Zouvelos, No. 13-CV-6474 MKB, 2014 WL 843219, at *5 (E.D.N.Y. Mar. 4, 2014) (collecting cases for the proposition that "[t]he federal statute states that any prisoner filing a civil action must pay the full filing fee" (citations omitted)); see Fowlkes v. Dennehy, No. 05-CV-11749, 2010 WL 4456147, at *2 (D. Mass. Nov. 4, 2010) (denying a request to waive or defer filing fees under the PLRA because, among other reasons, plaintiff had "not shown good cause" for the court to "interfere with the administrative functions of the Treasurer's Office," where the plaintiff had not exhausted administrative remedies; and complaints of hardship "present[] no unique or extraordinary circumstances to that of other non-employed prisoner litigants. The PLRA method for collection . . . , ensures that not all of [the plaintiff's] funds are earmarked to satisfy his debt"); see Bartlett v. Maricopa Cty. Sheriff's Off., No. 18-CV-4718, 2021 WL 567264, at *2 (D. Ariz.

5

Feb. 2, 2021) ("Congress did not give the Court the authority to waive, return, reduce, or otherwise defer" filing fees under 28 U.S.C. §§ 1914(a) and 1915(b)).

## CONCLUSION

For the reasons stated, Plaintiff's letter requests (ECF Nos. 18, 20, 22) and motion (ECF No. 21) to defer and/or waive payment of the filing fees, imposed and assessed by this Court pursuant to 28 U.S.C. § 1915(b), is DENIED.  To the extent Plaintiff seeks relief from the filing fees imposed and assessed against him by the Second Circuit in connection with his appeal, the request is also DENIED without prejudice to Plaintiff seeking such relief directly from the Second Circuit.  This case remains CLOSED.

The Clerk of the Court is respectfully directed to mail a copy of this Order to the pro se Plaintiff at his address of record.

SO ORDERED.

   /s/ JOANNA SEYBERT    
Joanna Seybert, U.S.D.J.

Dated: August   27  , 2021
       Central Islip, New York